# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | |
|---|---|
| DEBORAH LAUFER, )<br>)<br>    Plaintiff, )<br>)<br>    v. )<br>)<br>CAPITAL HOSPITALITY GROUP, LLC, )<br>d/b/a COMFORT SUITES SPRINGFIELD,)<br>a Domestic Limited Liability Company, )<br>)<br>    Defendant. ) | Case No. 20-cv-3200 |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

This case is before the Court on Defendant Capital Hospitality Group, LLC's Motion to Dismiss, d/e 11, pursuant to Federal Rule of Civil Procedure 12(b)(1). For the reasons that follow, the motion is DENIED.

## I. INTRODUCTION

In August 2020, Plaintiff Deborah Laufer ("Plaintiff") filed a Complaint against Lodging Enterprises of Springfield, LLC, bringing claims pursuant to the Americans with Disabilities Act, 42 U.S.C. §

12181 et seq. (the "ADA").  See Compl., d/e 1.  In February 2021, Plaintiff amended her complaint to name Capital City Hospitality Group, LLC, d/b/a Comfort Suites Springfield ("Defendant") as the defendant.  See First Am. Compl., d/e 7.  Defendant filed the instant Motion to Dismiss Plaintiff's First Amended Complaint and Plaintiff responded by filing a Second Motion for Leave to Amend Complaint, d/e 15.  See also Fed. R. Civ. P. 15(a)(1)(B).  Plaintiff's Second Motion for Leave to Amend was allowed, and Plaintiff filed her Second Amended Complaint, d/e 22, in April 2021.  Following service of the Second Amended Complaint, Defendant moved the Court to revive Defendant's Motion to Dismiss pursuant to Local Rule 7.1(E).  The Court also granted that motion, and Plaintiff filed a Memorandum in Opposition to Defendant's Motion to Dismiss, d/e 26.  The Motion to Dismiss is now fully briefed and ripe for ruling.

Plaintiff alleges that the online reservation system used to make reservations for Defendant's hotel is not accessible to persons with disabilities and, therefore, violates the ADA.  Plaintiff seeks

declaratory judgment and injunctive relief as well as attorney's fees and costs. Defendant has moved to dismiss Plaintiff's complaint for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a defendant may move for dismissal of a claim for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). When considering a Rule 12(b)(1) motion, this Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the plaintiff. Alicea-Hernandez v. Catholic Bishop of Chi., 320 F.3d 698, 701 (7th Cir. 2003). However, the plaintiff bears the burden of proving the jurisdictional requirements have been met. Ctr. for Dermatology & Skin Cancer Ltd. v. Burwell, 770 F.3d 586, 588 (7th Cir. 2014). "The court may look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." Alicea-Hernandez, 320 F.3d at 701.

## III. FACTS ALLEGED IN THE COMPLAINT

The following facts come from Plaintiffs' Second Amended Complaint. These facts are accepted as true at the motion to dismiss stage.

Plaintiff is a resident of Florida and qualifies as an individual with disabilities as defined by the ADA. 2d Am. Compl. ¶ 1. Plaintiff uses a wheelchair, has limited use of her hands, and is visually impaired. Id. Plaintiff requires certain accommodations when traveling outside of her home. Id. Plaintiff describes herself as an advocate for the rights of persons with disabilities and a tester for the purpose of determining whether places of public accommodation and their websites are in compliance with the ADA. Id. at ¶ 2.

Defendant operates a place of lodging known as Comfort Suites Springfield in Springfield, Illinois. Id. at ¶ 3. Defendant, either itself or by and through a third party, implemented, operates, controls and/or maintains websites for the hotel which contain an online reservation system. Id. at ¶ 9. Since 2019, Plaintiff has

had plans to drive from Florida to Maine and then westward through Illinois, but the COVID-19 pandemic has delayed Plaintiff's travel plans. Id. at ¶ 10. Plaintiff intends to visit the areas around Springfield and Route 66 on this trip. Id. Prior to filing suit, Plaintiff visited the online reservation system websites on multiple occasions and found that the websites did not identify accessible rooms or allow for booking of accessible rooms and provided insufficient information as to whether the rooms or features at the hotel are accessible. Id. at ¶ 11.

Plaintiff alleges that she intends to visit the websites again in the future to test them for compliance with the ADA and to determine whether she can stay at the hotel during her planned travel. Id. at ¶ 12. Plaintiff alleges that as a result of the allegedly non-ADA-compliant reservation websites she has suffered and will continue to suffer direct and indirect injury. Id. at. ¶ 15.

## IV. ANALYSIS

To have standing to bring a claim, a "plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the

challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547 (2016) (citing Lujan v. Defs. of Wildlife, 504 U.S. 555, 560-61 (1992)) (other citation omitted). An injury in fact is "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." Meyers v. Nicolet Rest. of De Pere, LLC, 843 F.3d 724, 726 (7th Cir. 2016) (quoting Lujan, 504 U.S. at 560).

Title III of the ADA prohibits discrimination against individuals with disabilities in public accommodations. 42 U.S.C. §§ 12181-12189. Title III of the ADA sets forth, as a general rule, that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). The regulations implementing the ADA require hotel booking websites to provide reservations for "accessible guest rooms" and to

"identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs."  Laufer v. Surf Hotel Invs. LLC, 2021 WL 809732, at *1 (N.D. Ill. Mar. 3, 2021) (quoting 28 C.F.R. § 36.302(e)(1)(i)-(ii)).

Because she seeks prospective injunctive relief, Plaintiff must allege a "real and immediate" threat of future ADA violations. Scherr v. Marriott Int'l, Inc., 703 F.3d 1069, 1074 (7th Cir. 2013). "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects."  Lujan, 504 U.S. at 564 (citation omitted).  In addition to a past injury, then, a plaintiff seeking injunctive relief must also allege that the discrimination will continue and cause future injury.  Scherr, 703 F.3d at 1074.  This threat of future injury can be shown by an intent to return to or use the public accommodation, id., but the threat can also be shown by

establishing that the plaintiff is reasonably deterred from the accommodation because of the discrimination. See Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 949 (9th Cir. 2011) (en banc); Scherr v. Marriot Int'l, Inc., 833 F. Supp. 2d 945, 951 (N.D. Ill. 2011), aff'd, 703 F.3d 1069 (7th Cir. 2013).

Plaintiff alleges that she visited Defendant's reservation websites and discovered that the websites do not contain information required by the ADA. 2d Am. Compl. ¶ 11. Plaintiff alleges that she suffered injury as a result of the allegedly non-compliant websites, including but not limited to infringement of her right to travel free of discrimination, deprivation of information required to make meaningful choices for travel, and frustration and humiliation. Id. at ¶¶ 14-15. Plaintiff further alleges that she intends to visit the websites again, but that she is continuously aware that the websites remain non-compliant with the ADA and, therefore, it would be futile for her to revisit websites as long as the violations exist unless she is willing to suffer additional discrimination. Id. at ¶ 13.

Defendant argues that Plaintiff lacks standing because she has not alleged an injury-in-fact and because her complaint is moot. Def.'s Mem. Law Supp. Mot. to Dismiss 4-12. Defendant argues that Plaintiff's First Amended Complaint did not contain any facts suggesting that Plaintiff had ever traveled to Springfield or ever intended to do so in the future. Id. at 5. The filing of Plaintiff's Second Amended Complaint, in which Plaintiff alleges she plans to travel to Springfield in the future has likely mooted this argument, but even in the absence of the new allegations, Plaintiff's status as a tester is sufficient to confer standing.

Defendant notes that Plaintiff's status as a tester does not automatically confer standing, but her status as a tester does not automatically defeat standing either. Id. at 5. A tester in this context is a person who seeks out places of public accommodation to identify ADA violations without necessarily intending to actually use the public accommodation. See Havens Realty Corp. v. Coleman, 455 U.S. 363 (1982) (defining the meaning of "tester" in the context of investigating housing discrimination); Laufer v. Lily

Pond LLC C Series, 2020 WL 7768011, at *1 (W.D. Wis. Dec. 30, 2020) (defining an ADA tester as "someone who investigates and identifies businesses that are not in compliance with the ADA").

A tester still must satisfy the elements of standing, including the injury-in-fact requirement. Def.'s Mem. Law Supp. Mot. to Dismiss 5 (citing Carello v. Aurora Policemen Credit Union, 930 F.3d 830, 833 (7th Cir. 2019)). Neither the Supreme Court nor the Seventh Circuit have specifically held that testers have standing under the ADA, but it is well established that testers have standing to sue to enforce similar civil rights statutes. See, e.g., Havens Realty, 455 U.S. at 374 (finding testers had standing under the Fair Housing Act).

The Supreme Court's determination of whether each of the plaintiffs had standing to sue in Havens Realty was guided by that Court's decision in Gladstone, Realtors v. Village of Bellwood, 441 U.S. 91 (1979), that "Congress intended standing under § 812 of the Fair Housing Act to extend to the full limits of Art[icle] III," and that the courts accordingly lack authority to create prudential barriers

to standing in suits brought under that section. Gladstone, 455 U.S. at 103, n.9. Based in part on decisions such as these, and the similar nature of the statutes being tested, the Seventh Circuit has held that "testers who experience discrimination as they apply for jobs have standing to sue under Title VII" of the Civil Rights Act of 1964. Kyles v. J.K. Guardian Sec. Servs., Inc., 222 F.3d 289, 298 (7th Cir. 2000). Similarly, the First, Fourth, Sixth, Ninth, Tenth, and Eleventh Circuit Courts have found standing for testers under the ADA. See Suarez-Torres v. Panaderia Y Reposteria Espana, Inc., 988 F.3d 542 (1st Cir. 2021); Mosley v. Kohl's Dep't Stores, Inc., 942 F.3d 752 (6th Cir. 2019); Nanni v. Aberdeen Marketplace, Inc., 878 F.3d 447 (4th Cir. 2017); Civil Rights Educ. & Enf't Ctr. v. Hosp. Props. Tr., 867 F.3d 1093 (9th Cir. 2017); Colo. Cross Disability Coal. v. Abercrombie & Fitch Co., 765 F.3d 1205 (10th Cir. 2014); Houston v. Marod Supermarkets, Inc., 733 F.3d 1323 (11th Cir. 2013).

    The Seventh Circuit has held that a website can be a place of public accommodation even independent of any connection to a

physical space.  See Morgan v. Joint Admin Bd. Ret. Plan of Pillsbury Co. & Am. Fed'n of Grain Millers, AFL-CIO-CLC, 268 F.3d 456, 459 (7th Cir. 2001) (rejecting an interpretation of public accommodation as denoting only a physical site); Doe v. Mut. of Omaha Ins. Co., 179 F.3d 557, 558 (7th Cir. 1999) ("[T]he owner or operator of a store, hotel, restaurant, dentist's office, travel agency, theater, Web site, or other facility (whether in physical space or in electronic space) that is open to the public cannot exclude disabled persons from entering the facility and, once in, from using the facility in the same way that the nondisabled do.") (internal citation omitted).

    The Court concludes that Plaintiff has established standing. Plaintiff alleges that she visited the reservation websites and discovered that the websites do not contain accessibility information required by the ADA.  The inability to obtain information that is statutorily mandated to be provided is an injury-in-fact sufficient to establish standing.  See Carello, 930 F.3d at 835 (quoting Spokeo, 136 S. Ct. at 1549).  Plaintiff further alleges

that she suffered injury as a result and that she intends to visit the websites again but that it would be futile for her to do so as long as the violations continue unless she is willing to suffer additional discrimination. This is enough to plausibly state a violation of the ADA and establish Plaintiff's standing.

Similarly, because Plaintiff has alleged that she is presently deterred from the accommodation because of discrimination and that the discrimination will continue, the threat of future discrimination is both real and immediate, so Plaintiff can pursue prospective relief as well. Plaintiff's pursuit of injunctive relief is also sufficient for the Court to reject Defendant's mootness argument. Defendant argues the Court should dismiss Plaintiff's complaint because the alleged violations were remedied when Defendant provided proper notice to the third-party reservation websites regarding Defendant's accessible rooms. See Def.'s Mem. Law Supp. Mot. to Dismiss 10-12. In support of this argument, Defendant has attached the Declaration of Scott Ehrhardt to the Motion to Dismiss. See Mot. to Dismiss, Ex. 6. Without delving

too deeply into whether the Court's consideration of the Ehrhardt Declaration would require the Court to convert the motion to dismiss into a motion for summary judgment, see Fed. R. Civ. P. 12(d), the Court finds this mootness argument unavailing.

"[A] defendant cannot automatically moot a case simply by ending its unlawful conduct once sued." Already, LLC v. Nike, Inc., 568 U.S. 85, 91 (2013) (citing City of Mesquite v. Aladdin's Castle, Inc., 455 U.S. 283, 289 (1982)). If that were the case, "a defendant could engage in unlawful conduct, stop when sued to have the case declared moot, then pick up where he left off, repeating this cycle until he achieves all his unlawful ends." Id. To mitigate this concern, the Supreme Court's decisions "have explained that 'a defendant claiming that its voluntary compliance moots a case bears the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur.'" Id. (quoting Friends of the Earth, Inc. v. Laidlaw Envt'l Servs. (TOC), Inc., 528 U.S. 167, 190 (2000)).

In this case, Defendant claims that it provided the required information regarding the accessibility of Defendant's rooms to the online reservation system websites and that Plaintiff's complaint is, therefore, moot. But the cases Defendant cites in support of this argument concern structural modifications to physical spaces, not websites like the ones at issue here. See Def.'s Mem. Law Supp. Mot. to Dismiss 9-10. As opposed to structural modifications like installing grab bars or renovating bathrooms to make them ADA compliant, websites are eminently more fluid and amenable to sudden change. For this reason, courts have typically found ADA cases to be moot only where the remediations undertaken are permanent. See Haynes v. Hooters, 893 F.3d 781, 784 (11th Cir. 2018). The Court, therefore, finds Defendant has not met its "formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." See Already, 568 U.S. at 91. Additionally, as Plaintiff properly seeks prospective injunctive relief to ensure that the websites at issue *remain* compliant in the future as addressed

above, the Court finds Defendant's complaint continues to present a live case or controversy.

## V. CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss, d/e 11, is DENIED. Defendant is directed to answer the Complaint by and including October 6, 2021.

ENTER:   September 22, 2021

FOR THE COURT:
/s/Sue E. Myerscough<br>SUE E. MYERSCOUGH<br>UNITED STATES DISTRICT JUDGE